No. 21-11700-H

––––––––––––––––––––––––––––––––––––––––––

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

––––––––––––––––––––––––––––––––––––––––––

DONNA CHISESI, AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE  OF JONATHAN VICTOR, DECEASED

Appellee,

v.

MATTHEW HUNADY and HUEY HOSS MACK

Appellants.

––––––––––––––––––––––––––––––––––––––––––

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION
Case No. 1:19-CV-00221-C

––––––––––––––––––––––––––––––––––––––––––

## SUPPLEMENTAL BRIEF OF APPELLEE

––––––––––––––––––––––––––––––––––––––––––

Jack Samuel Tenenbaum
Attorney for Appellee
Donna Chisesi
Bluhm Legal Clinic
Complex Civil Litigation and
Investor Protection Center
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-4808 T
s-tenenbaum@law.northwestern.edu

Tamara Soleymani
Licensed Pursuant to
Illinois Supreme Court Rule 711,
No. 2022LS00651
tsoleymani@nlaw.northwestern.edu

*ORAL ARGUMENT REQUESTED*

## TABLE OF CONTENTS

**Page No.**

Table of Contents................................................................................................................. ii

Table of Authorities Cited ................................................................................................. iii

Introduction......................................................................................................................... 1

Argument ............................................................................................................................ 1

Conclusion ........................................................................................................................ 10

# TABLE OF AUTHORITIES CITED

**Page No.**

Cases
*(in alphabetical order)*

*Adams v. Blount Cnty.*, 946 F.3d 940 (6th Cir. 2020).......................................*8*

*Baxter v. Bracey*, 590 U.S. ____ (2020)..................................................*5 n.1*

*Behrens v. Pelletier*, 516 U.S. 299 (1996). ...............................................4

*Blaylock v. City of Philadelphia*, 504 F.3d 405 (3d Cir. 2007) .......................8

*Cottrell v. Caldwell*, 85 F.3d 1480 (11th Cir. 1996)) ...................................*4*

*Davidson v. Opelika*, 675 F. App'x 955 (11th Cir. 2017) ...........................7

*English v. City of Gainesville*, 75 F.4th 1151 (11th Cir. 2023) ...........*1-5, 10*

*Estate of Anderson v. Marsh*, 985 F.3d 726 (9th Cir. 2021)........................*10*

*Favors v. City of Atlanta*, --- Fed.Appx. ----, 2021 WL 915355 (11th Cir. Mar. 10, 2021)...........7

*Flowers v. Renfro*, 46 F.4th 631 (7th Cir. 2022).................................. *9-10*

*Gillispie v. Miami Twp., Ohio*, 18 F.4th 909 (6th Cir. 2021) .................*8, 10*

*Hall v. Flournoy*, 975 F.3d 1269 (11th Cir. 2020)................................. *4-5*

*Henderson v. Glanz*, 813 F.3d 938 (10th Cir. 2015)..............................*10*

*Johnson v. Jones*, 515 U.S. 304 (1995)). .........................................*4, 10*

*Kisela v. Hughes*, 138 S. Ct. 1148 (2018)......................................*5 n.1*

*Koch v. Rugg*, 221 F.3d 1283 (11th Cir. 2000).................................*4, 8*

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ..........................................*8*

*Morse v. Cloutier,* 869 F.3d 16 (1st Cir. 2017).................................*10*

*Pair v. Burroughs*, 695 F. App'x 62 (4th Cir. 2017)...........................*10*

*Rogers v. Jarrett*, 63 F.4th 971 (5th Cir. 2023) .............................*5 n.1*

*Sok Kong Tr. for Map Kong v. City of Burnsville*, 960 F.3d 985 (8th Cir. 2020)........................*10*

*Solis v. Serrett*, 31 F.4th 975 (5th Cir. 2022)..................................................................*10*

*Soto v. Gaudett*, 862 F.3d 148 (2d Cir. 2017)..................................................................*10*

*Wheeler v. Jersey City Police Dep't*, 676 F. App'x 126 (3d Cir. 2017)....................................*8, 10*

*Youngbey v. March*, 400 U.S. App. D.C. 177, 676 F.3d 1114 (2012)..........................................*10*

*Ziglar v. Abbasi*, 582 U. S. 120 (2017).....................................................................*5 n.1*

<u>Other Authorities</u>

Alexander A. Reinert, *Qualified Immunity's Flawed Foundation*, 111 Cal. L. Rev. 201 (2023) ...*5 n.1*

## INTRODUCTION

This Court has ordered a response, in light of the recent decision in *English v. City of Gainesville*, 75 F.4th 1151 (11th Cir. 2023), regarding whether this Court has jurisdiction to hear this case. In *English,* the court held that appellate courts do not have jurisdiction to hear interlocutory appeals of the denial of summary judgment in qualified immunity cases when the district court's denial was due to the finding of genuine disputes of material facts.

## ARGUMENT

### I.    *ENGLISH* AND THIS CURRENT CASE BEFORE THE COURT ARE PROCEDURALLY IN THE SAME POSTURE.

In *English*, the defendants, officers from the Gainesville Police Department, moved for summary judgment on the basis of qualified immunity from an excessive force claim under 42 U.S.C. §1983 and official immunity from claims under Georgia law brought by the survivors and administrator of the estate of Adam Paul English, the man shot and killed by the defendants. *English*, 75 F.4th at 1154. The district court denied the motion for summary judgment for qualified immunity holding that there was a genuine dispute as to material facts on the record regarding whether the officers violated a clearly established constitutional right. *Id*. at 1153-54. The defendants then filed an interlocutory appeal of the district court's decision denying summary judgment. *Id*. at 1153. Because the district court's denial of summary judgment was a result of  issues of fact and evidentiary sufficiency, the appellate court determined it did not have jurisdiction to hear the appeal and dismissed the case. *Id*.

Similarly, in this case, Appellants moved for summary judgment on the basis of qualified immunity from several claims under §1983 brought by the administratrix of the estate of Jonathan Victor, the man shot and killed by Deputy Hunady. Doc. 40 – Pg. 1-2, PageID.779-80. The district court denied summary judgment for all the §1983 claims except the *Monell* claim

against Sheriff Mack because it determined that genuine disputes of material fact existed

regarding whether Deputy Hunady violated a clearly established constitutional right and whether

Sheriff Mack was deliberately indifferent to constitutional rights. Doc. 40 – Pg. 14-15, 19, 21;

PageID.792-93, 797, 799. Appellants then appealed to this Court on an interlocutory basis

claiming the district court erred in denying summary judgment. Appellants' Brief at 2.

   The facts in both cases are also substantially similar. Where they do deviate, they

demonstrate that Appellee's version of facts is even stronger than the plaintiff in *English*'s in

terms of evidentiary sufficiency. Victor presented even less of a threat than English and gave

officers much less potential justification for the shooting.

Similarities between the Cases

| Victor | English |
|---|---|
| • It is undisputed that Victor had no weapon or gun. (Doc. 29-2, PageID.232). | • Neither officer saw English hold a gun or saw a gun on his person. (*English*, 75 F.4th at 1154). |
| • Victor's hand was wrapped in cloth and appeared to be bleeding. (Tobias Decl., ¶ 4, Doc. 29-4, PageID.313; Def. Ex. M, Hunady Dash-cam 26:07; Doc. 29-13, PageID.380). | • English's hand was concealed in a bag that at times he was holding or was on the ground. (*English*, 75 F.4th at 1154). |
| • No evidence that Hunady knew the call status changed from a "welfare concern" to one where the suspect is armed. (Doc 40 – Pg. 3, n.2, PageID.781). | • Fowler claims he did not hear the dispatcher communicate that English put the gun into a bag. (*English*, 75 F.4th at 1154). |
| • Victor was nearly 20 feet away when shot. (Doc. 29-2, PageID.235).<br>• Witness testified that Victor "wasn't coming no further. ... He was just standing there." (Doc. 29-8, PageID.343.) | • English "did not lunge at [Fowler and Hernandez] or try to run away" (Appellant Jonathan Fowler's Brief at 8, *English*, 75 F.4th (No. 22-10927-DD)). |
| • Hunady claims Victor was a threat because he was in a shooter's stance and "punched out his arms." (Hunady Decl., ¶ 5, doc. 29-15, PageID.384.)<br>• The district court held: "the video evidence [is] subject to multiple interpretations" and could support Appellee's claims that Victor didn't take such a stance or action. (Doc 40 – Pg. 11, PageID.789). | • Officers testified they believed English was a threat because he made a quick movement as if to reach for a gun. (*English*, 75 F.4th at 1154).<br>• The district court held the video footage could support plaintiff's claim that English didn't make such a movement or pose a threat in other manners. (*English*, 75 F.4th at 1154, 1156). |
| • One officer on the scene asked another "You gonna grab you a gun? A different gun? You gonna grab a shotgun or something?" | • Another officer, or someone nearby, asked if 'asked if anyone had "anything less lethal,' like |

2

| | |
|---|---|
| and was met with the reply "Yeah, grab a shotgun." (Plaint. Ex. 11, Middleton Body-cam 00:12, Doc. 35-11, PageID.731.) | a Taser" ((Appellant Fowler's Brief at 7, *English*, 75 F.4th (No. 22-10927-DD)). |

Differences between the Cases

| Victor | English |
|---|---|
| • Emergency responders called for a single-car wreck. One of them called the sheriff's office. Doc 40 – Pg. 2, PageID.780).<br>• Hunady heard the call for a "welfare concern." (Doc 40 – Pg. 3, n.2, PageID.781).<br>• No shots fired and no reason to suspect Victor had committed a crime. (Doc. 29-2, PageID.2333). | • 911 called for gun/gunshots, dispatch allegedly said the suspect discharged a firearm. (*English*, 75 F.4th at 1153-54). |
| • The 911 operator and first responders stated that there was only the possibility of a gun. (Def. Ex. J, 911 Calls Transcript Pg. 17, Doc. 29-10, PageID.365; Doc. 29-2, PageID.236).<br>• No witness at the scene saw a gun. (Appellee's Br. at 5, ¶5). | • Witness saw a man pointing a gun at himself and passing cars. (*English*, 75 F.4th at 1153). |
| • Hunady told Victor to exit the car with his hands up. (Hunady Decl., ¶ 4, doc. 29-15, PageID.384).<br>• Once he did, Hunady repeatedly shouted at Victor to "drop it" and "put it down" without saying what he was supposed to drop. (Doc. 29, Exh. L, at 11:06 – 12:06). | • Officers repeatedly shouted at English to put his hands in the air. (*English*, 75 F.4th at 1154). |
| • Victor wasn't warned he would be shot if he didn't comply. (Def. Ex. L, Hunady Body-cam 12:06, Doc. 29-12, PageID.379). | • Officers warned English that if he didn't comply, he would be shot. (*English*, 75 F.4th at 1154). |
| • Victor complied with Hunady's initial order to exit the car. (Doc 40 – Pg. 13, PageID.791).<br>• Victor did not comply with the vague orders to "drop it" because the only thing in his hand was a jacket being used to wrap his wound. (Def. Ex. N, J. Gutierrez Video 00:53, Doc. 29-14, PageID.381). | • English failed to comply with the officers' orders to raise his hands. (*English*, 75 F.4th at 1154). |
| • Hunady did not consider using a less lethal weapon. (Doc. 29-2, PageID.244.) | • Using a taser was discussed. ((Appellant Fowler's Br. at 7, *English*) |

## II.    APPELLATE COURTS DO NOT HAVE JURISDICTION TO HEAR INTERLOCUTORY APPEALS OF THE DENIAL ON SUMMARY JUDGMENT IN QUALIFIED IMMUNITY CASES WHEN THE DENIAL IS BASED ON ISSUES OF FACTUAL DISPUTES.

When a denial of summary judgment is appealed pretrial in qualified immunity case, the appellate court lacks jurisdiction to consider the case if the only issues on appeal are factual issues and no issues or law are raised. *English*, 75 F.4th at 1155. In *English*, the Eleventh Circuit

3

held that it "ha[s] interlocutory jurisdiction over *legal issues* that are the basis for a denial of summary judgment on qualified immunity grounds." *Id*. at 1155 (emphasis added) (quoting *Cottrell v. Caldwell*, 85 F.3d 1480, 1484 (11th Cir. 1996)). Jurisdiction in these matters, the court explained, only extends when there are legal issues present in the appeal, with the court further clarifying: "We lack interlocutory jurisdiction 'where the only issues appealed are evidentiary sufficiency issues.'" *Id*. at 1155 (quoting *Cottrell,* 85 F.3d at 1484). Such factual issues "are not immediately appealable final decisions since they involve the determination of 'facts a party may, or may not, be able to prove at trial.'" *Koch v. Rugg*, 221 F.3d 1283, 1296 (11th Cir. 2000) (quoting *Johnson v. Jones*, 515 U.S. 304, 313 (1995)).

The Supreme Court held in *Behrens v. Pelletier* that "if what is at issue…is nothing more than whether the evidence could support a finding that particular conduct occurred," then an appeal on that issue is precluded. 516 U.S. 299, 313 (1996). Non-reviewable issues of evidentiary sufficiency include "whether the district court erred in determining that there was an issue of fact for trial about the defendant's actions or inactions which, if they occurred, would violate clearly established law." *English*, 75 F.4th, at 1155 (quoting *Cottrell*, 85 F.3d at 1484).

In *English*, the court held despite "the officers try[ing] to cast their arguments as legal disputes," the appeal had no issues of law because it did not "raise questions about whether certain undisputed conduct violated the Fourth Amendment or whether the law was clearly established." *Id.* The parties agreed that the shooting would constitute a violation of rights if English did not pose a danger at the time, meaning the only issues on appeal were the issues of fact as to what occurred and whether English posed a danger. *Id*. Similarly, in *Hall v. Flournoy*, the Eleventh Circuit held that a police officer's purported legal claims brought on appeal from a denial of qualified immunity on summary judgment were, in fact, factual disputes. 975 F.3d

4

1269, 1277 (11th Cir. 2020). The officer admitted that the alleged conduct of planting evidence on a suspect who had been charged with possession of narcotics would violate a clearly established law, so the sole issue on appeal was the factual sufficiency of whether the evidence was in fact planted. *Id.*

Much like those cases, here there is no dispute that the use of excessive force—if true—would constitute a violation of law. That would be a legal issue. The only issue brought on appeal in this case is whether excessive force was present—a purely factual issue that cannot be spun into a legal issue merely because it procedurally serves Appellants' interests.[1]

### III.   THIS APPEAL CONCERNS ONLY ISSUES OF FACT, NOT LAW.
#### A.   Appellants do not raise any issues of law in their appeal and only raise issues of facts.

Appellants' Brief fails to raise a single issue of law for this Court to review. The entire brief boils down to the argument that the district court erred in finding lack of sufficient evidence and interpreted the record incorrectly. Appellants ignore the legal requirement the district court had to review the disputed facts in favor of the nonmoving party.

##### i.   Appellants' contention that Deputy Hunady's use of force was constitutionally reasonable is solely based on issues of evidentiary sufficiency and facts.

In Appellants' section on the reasonableness of Deputy Hunady's use of force they argue that both the shooting and Deputy Hunady's actions prior to it on the scene were objectively reasonable. However, all of the arguments revolve around "what happened at the scene. Those are question of fact, not law." *English,* 75 F.4th at 1156.

---

[1] New scholarship on qualified immunity has established that the original drafters of §1983 intended to abrogate all common law immunities and current jurists have been interpreting it in a manner completely contrary to its text, legislative history, and purpose. Alexander A. Reinert, *Qualified Immunity's Flawed Foundation*, 111 Cal. L. Rev. 201 (2023); *see also*, *Rogers v. Jarrett*, 63 F.4th 971, 979-81 (5th Cir. 2023) (Willet, J., concurring) (discussing the significance of Reinert's article and scholarship). This finding comes after increasing skepticism over qualified immunity in its current form. Reinert, supra at 203 n.1, 205; see also, *Ziglar v. Abbasi*, 582 U. S. 120, 157 (2017) (Thomas, J., concurring in part and concurring in judgment); *Baxter v. Bracey*, 590 U.S. ____ (2020) (Thomas, J., dissenting in denial of certiorari) ; *Kisela v. Hughes*, 138 S. Ct. 1148, 1162 (2018) (Sotomayor, J., dissenting).

Appellants justify the shooting saying that "[u]nder the totality of the circumstances, it was reasonable for Deputy Hunady to believe Victor was gravely dangerous and appeared to be advancing on him, other officers, and EMS personnel with a concealed pistol." Appellants' Brief at 24; *see also, Id*. at 25-27, 33-36, 38-40. The "totality of the circumstances" can only refer to facts, not law. They claim that the district court's finding that Victor's actions and movements could be seen as non-aggressive and non-threatening was "erroneous[]" and says "the District Court's conclusion otherwise is contravened by all the evidence." Appellants' Brief at 28, 33.

Appellants also find fault with the district court's interpretation of what happened before the shooting occurred. Appellant's Brief at 38-40. The district court determined it reasonable to conclude that Deputy Hunady—not Victor—controlled the scene and that Hunady "mismanaged those elements [under his control] and violated Victor's Fourth Amendment rights by unreasonably using deadly force to subdue him in a situation that posed no imminent threat." Doc 40 – Pg. 14, PageID.792. Appellants attempt to challenge this finding by discussing "evidence on the record." Appellant's Brief at 40. They ignore the undisputed facts that Victor had not committed a crime and had not displayed nor threatened anyone with a weapon. Doc 40 – Pg. 6, 9-10, PageID.784, 787-88. While Appellants claim that Hunady acted properly, Appellee expert Katsaris's Report evidenced that Deputy Hunady's actions were wholly inconsistent with basic police training and policies. Ex. 5, Katsaris Dep. Pg. 47, Doc. 35-5, PageID.631. Evidence the district court found reliable enough to determine that a genuine dispute existed as to whether management of the scene was reasonable. Doc 40 – Pg. 14, PageID.792.

### ii. Appellants' contention that Deputy Hunady's use of force did not violate a clearly established law is solely based on issues of evidentiary sufficiency and facts.

The section discussing whether Deputy Hunady violated a clearly established law is entirely dependent on disputed facts, such as whether it was reasonable to believe the unidentified object

in Victor's hand was a gun, whether Victor's hands were outstretched, Victor's alleged

"shooter's stance," and Victor's alleged advancement towards the officers. Appellants' Brief at

44-45. Appellants go so far as to question the district court's interpretation of many of the above

factual disputes and claim that "all direct evidence in the form of witness testimony states that

Victor was in a shooter's stance when Deputy Hunady fired his weapon." *Id*. at 45. While

Appellants cite *Davidson v. Opelika*, 675 F. App'x 955 (11th Cir. 2017) and attempt to refute the

district court's distinguishment of the case, they do not actually raise an issue of law. The

attempted refutation is based on whether the district court was correct in finding it reasonable

that Victor was not in an aggressive or shooter's stance and whether Hunady "was in a position

that necessitated an immediate response." Appellants' Brief at 45-46.

### iii. Appellants' contention that Sherriff Mack was not deliberately indifferent to constitutional rights is solely based on issues of evidentiary sufficiency and facts.

Appellants argument that the failure-to-train theory should not have been applied as it was to

this case is essentially that the law should not be applied based on a lack of evidence and facts.

They say so themselves several times: "There is *no evidence* of history of widespread abuse

necessary…", "Nor do *the facts of this case* support any inference that Sheriff Mack directed his

subordinates to act unlawfully or was aware of unlawful activity…"; "*the facts in this case* fail to

[sic] warrant application of the Court's "single incident" failure-to-train theory …" Appellants'

Brief at 47, 50 (emphasis added). The district court also made clear that its denial was based on

issues of fact: "[W]hether [Sheriff Mack] was deliberately indifferent is a question that should

have been left to a jury. ... In viewing the evidence in the light most favorable to [Chisesi], the

nonmovant, we conclude genuine disputes of material fact remain on this element." Doc 40 – Pg.

19, PageID.797 (Quoting *Favors v. City of Atlanta*, --- Fed.Appx. ----, 2021 WL 915355, *6

(11th Cir. Mar. 10, 2021)). Its reasoning was that there was a genuine dispute of facts since

Appellee provided sufficient evidence to warrant application of the failure-to-train theory. Doc 40 – Pg. 17-19, PageID.795-97. Appellee offered evidence that the BCSO did not offer any training on de-escalation and crisis intervention, a lack of training that Appellee's expert Katarsis called "reckless disregard to a known risk of harm." Plaint. Ex. 5, Katsaris Dep. Pg. 63, Doc. 35-5, PageID.647; Def. Ex. A, Mack Dep. Pg. 8, Doc. 29-1, PageID.188; Appellee's Brief at 15-20, 32-34. Hunady was not trained to and did not follow "well-established procedures and protocols…such as…calling in crisis intervention teams" despite having the time to consider calling the BCSO's negotiations team. Doc 40 – Pg. 14, 17, PageID.792, 797.

### B.    When reviewing interlocutory appeals of the denial of summary judgment in qualified immunity cases, the appellate court must follow the district court's interpretation of facts.

"To be reviewable, a pretrial qualified immunity appeal must present a legal question concerning a clearly established federal right that can be decided apart from considering sufficiency of the evidence relative to the correctness of the plaintiff's alleged facts." *Koch*, 221 F.3d at 1294; *see also, Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985); *Gillispie v. Miami Twp., Ohio*, 18 F.4th 909, 916 (6th Cir. 2021) (quoting *Adams v. Blount Cnty.*, 946 F.3d 940, 948 (6th Cir. 2020). An appellate court hearing an interlocutory appeal must accept a set of facts under which there is no immunity if a district court finds that "there is sufficient record evidence to support [the] set of facts." *Wheeler v. Jersey City Police Dep't*, 676 F. App'x 126, 128-29 (3d Cir. 2017) (quoting *Blaylock v. City of Philadelphia*, 504 F.3d 405, 409 (3d Cir. 2007). "Whether the district court correctly identified the set of facts that the summary judgment record is sufficient to prove" is an issue of fact that is beyond the appellate court's jurisdiction. *Id.* (quoting *Blaylock*, 504 F.3d at 409).

The underlying rationale is simple: if a federal judge applying the appropriate summary judgment standard reviews the record and determines that a factual dispute exists, there is a sufficient basis to deny summary judgment and it is not for the appellate court to review.

> **C.    The district court in this case explicitly stated that the material facts in this case are in dispute and denied summary judgment because the facts could be reasonably interpreted to support the non-moving party.**

The facts in this case are disputed not only because Appellants and Appellee present contradicting narratives and evidence, but rather because the district court, after reviewing the record, determined that a genuine dispute as to material facts exists in regard to all of Appellants' claims this Court is hearing. The district court's order was explicitly clear that summary judgment was being denied on all of the counts currently before this Court because of the existence of factual disputes. Doc 40 – Pg. 14, 19, PageID.792, 797.

The district court also found that many of the facts Appellants relied on in their appellate briefs and arguments are genuinely disputed. *See supra* sec. III.A; *see also*, Doc 40 – Pg. 5, 10-11, 14, 19, PageID.783, 788-89, 792, 797. For instance, the district court found, that taking the facts in the light most favorable to Appellees, a reasonable finder of fact could conclude that Victor was not in a shooter's stance, the object in Victor's hand did not look like a weapon, Victor did not pose an imminent threat to anyone, and Deputy Hunady did not shoot Victor out of fear for his life or others. Doc 40 – Pg. 5, 10-11, PageID.783, 788-89.

### IV.    APPELLEE PREVIOUSLY RAISED THE ISSUE OF JURISDICTION IN A SUPPLEMENTAL LETTER TO THIS COURT.

Appellees submitted a supplemental letter to this Court, dated September, 09, 2022, in which we brought to the Court's attention the Seventh circuit case *Flowers v. Renfro,* 46 F.4th 631 (7th Cir. Aug. 19, 2022). The court in *Flowers* found it had no jurisdiction to hear an immediate appeal of a denial of a qualified immunity defense in an excessive force case because the denial

was based on factual questions. *Flowers*, 46 F.4th at 633. The Seventh Circuit reasoned that "[i]f a determination of qualified immunity in a summary judgment motion depends on the resolution of fact questions, the order denying qualified immunity generally is not [immediately] appealable." *Id*. at 634 (citing *Johnson*, 515 U.S. at 319–20).

In addition to the Seventh Circuit in *Flowers*, all other circuits follow the Supreme Court precedent in *Johnson v. Jones,* 515 U.S. 304 (1995) and hold like this Court did in *English* that an interlocutory appeal of a denied motion for summary judgment in a qualified immunity case cannot be heard if it is based on disputed facts and issues of evidentiary sufficiency instead of pure issues of law. *See Morse v. Cloutier*, 869 F.3d 16, 22 (1st Cir. 2017); *Soto v. Gaudett*, 862 F.3d 148, 158 (2d Cir. 2017); *Wheeler v. Jersey City Police Dep't*, 676 F. App'x 126, 128-29 (3d Cir. 2017); *Pair v. Burroughs*, 695 F. App'x 62, 63 (4th Cir. 2017); *Solis v. Serrett*, 31 F.4th 975, 980-81 (5th Cir. 2022); *Gillispie,* 18 F.4th at 916; *Flowers,* 46 F.4th at 634; *Sok Kong Tr. for Map Kong v. City of Burnsville*, 960 F.3d 985 (8th Cir. 2020); *Estate of Anderson v. Marsh*, 985 F.3d 726, 730-31 (9th Cir. 2021); *Henderson v. Glanz*, 813 F.3d 938, 948 (10th Cir. 2015); *Youngbey v. March*, 400 U.S. App. D.C. 177, 179-80, 676 F.3d 1114, 1116-17 (2012).

## CONCLUSION

For all of the foregoing reasons, Appellees respectively request that the court find it has no jurisdiction to hear Appellants interlocutory appeal and dismiss this case forthwith.


Respectfully submitted this 15th day of September 2023.

/s/ **Jack Samuel Tenenbaum**
Jack Samuel Tenenbaum
Attorney for Appellee

## CERTIFICATE OF COMPLIANCE WITH APPELLATE RULE 32(g)

I hereby certify that this brief, filed on behalf of Appellee Donna Chisesi as Independent Administratrix of the Estate of Jonathan Victor, Deceased, complies with Rule 32(g). This brief is 10 pages long.

**/s/ Jack Samuel Tenenbaum**
Jack Samuel Tenenbaum
Attorney for Appellee
Donna Chisesi as
Independent Administratrix of the
Estate of Jonathan Victor, Deceased
Northwestern University
Pritzker School of Law
Bluhm Legal Clinic
Complex Civil Litigation and
Investor Protection Center
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-4808 T
s-tenenbaum@law.northwestern.edu

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 15ᵗʰ day of September 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following as well as personally emailing the filings to:

> J. Randall McNeill
> Fred L. Clements, Jr.
> WEBB MCNEILL WALKER PC
> 8475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama 36124
> (334) 262-1850 – T
> (334) 262-1889 – F
> rmcneill@wmwfirm.com
> fclements@mwmfirm.com

> **/s/ Jack Samuel Tenenbaum**
> Attorney for Appellee
> Donna Chisesi as
> Independent Administratrix of the
> Estate of Jonathan Victor, Deceased
> Northwestern University
> Pritzker School of Law
> Bluhm Legal Clinic
> Complex Civil Litigation and
> Investor Protection Center
> 375 E. Chicago Ave.
> Chicago, IL 60611
> (312) 503-4808 T
> s-tenenbaum@law.northwestern.edu

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record for Appellee Donna Chisesi, As Independent Administratix of the Estate of Jonathan Victor, Deceased, hereby respectfully submits this Certificate of Interested Persons and Corporate Disclosure Statement in accordance with 11th Cir. R. 26.1-2, and list the following entities/persons as parties in the above-styled proceeding:

1.    Cassady, William E. – United States Magistrate Judge;

2.    Chisesi, Donna – Plaintiff/Appellee;

3.    Clements, Fred L. – Counsel for Defendants/Appellants Matthew Hunady and Huey Hoss Mack;

4.    Hunady, Matthew – Defendant/Appellant;

5.    Mack Huey Hoss – Defendant/Appellant;

6.    McNeill, J. Randall – Counsel for Defendants/Appellants Matthew Hunady and Huey Hoss Mack;

7.    Northwestern Pritzker University School of Law – Law Firm representing Plaintiff/Appellee;

8.    Soleymani, Tamara – Licensed Senior Licensed Law Student pursuant to Illinois Supreme Court Rule 711, Counsel for Plaintiff/Appellee Donna Chisesi as Independent Administratrix of the Estate of Jonathan Victor, Deceased;

9.     Tenenbaum, Jack Samuel – Counsel for Plaintiff/Appellee Donna

Chisesi as Independent Administratrix of the Estate of Jonathan Victor, Deceased;

10.    Webb McNeill Walker PC – Law Firm representing

Defendants/Appellants.